IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROBERT CASEY,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:21-CV-346-L** |
| § | |
| **STATE FARM LLOYDS,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant State Farm Lloyds' ("Defendant" or "State Farm") Motion for Summary Judgment (Doc. 13), filed on November 19, 2021. For the reasons herein explained, the court **grants** State Farm's Motion for Summary Judgment (Doc. 13) with respect to Plaintiff Robert Casey's ("Plaintiff" or "Mr. Casey") claims of (1) breach of good faith and fair dealing; (2) violating the Texas Deceptive Trade Practices Act; (3) violating § 541 of the Texas Insurance Code; and (4) violating §§ 542.055(a)(1), 542.055(a)(2)-(3), and 542.056(a) of the Texas Insurance Code; and **denies** State Farm's Motion for Summary Judgment (Doc. 13) with respect to Mr. Casey's claims of (1) breach of contract; and (2) violating §§ 542.058(a) and 542.060 of the Texas Insurance Code.

  **I.**  **Factual and Procedural Background**

  This action arises from a dispute regarding an insurance claim filed by Plaintiff to recover benefits under his homeowners insurance policy for hail or wind damage that occurred to his home on June 9, 2019. On January 11, 2021, Mr. Casey sued State Farm in the 116th Judicial District Court of Dallas County, Texas for breach of contract; breach of good faith and fair dealings; violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. § 17.41, *et*

**Memorandum Opinion and Order – Page 1**

*seq.* ("DTPA"); and Chapters 541 and 542 of the Texas Insurance Code (collectively, the "Extra-Contractual Claims"). On February 18, 2021, State Farm removed this action to this court on grounds that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

  The court now sets forth the undisputed facts in accordance with the standard in Section II of this opinion. On June 9, 2019, a storm hit Mr. Casey's home and caused it to suffer wind or hail damage. At that time, Plaintiff's home was insured by State Farm under State Farm Homeowners Policy No. 58-B3-Q669-4 (the "Policy"). On August 28, 2019, Mr. Casey filed a claim with State Farm for damages resulting from the June 9, 2019 storm. Subsequently, a State Farm adjuster inspected the home on September 11, 2019, and found storm damages of $3,642.98, which resulted in $0.00 payable to Mr. Casey after applying depreciation and his deductible. Mr. Casey then initiated the appraisal process under the Policy that resulted in an Appraisal Award being issued on September 17, 2020, in the amount of $76,871.20 for the replacement value and $64,064.03 for the actual cash value after subtracting $12,807.17 for depreciation. Def.'s Summ. J. App. 103-113. On October 12, 2020, State Farm issued a letter to Mr. Casey advising him that the Appraisal Award of $76,871.20 less $73,228.22 for "Non-Covered Items," $1,125.05 for depreciation and $2,708.00 for deductible resulted in $934.98 for "Replacement Cost Benefits" to him. Def.'s Summ. J. App. 114-116. On May 26, 2021, State Farm issued a supplemental letter and payment

**Memorandum Opinion and Order – Page 2**

to Mr. Casey. In the letter, State Farm enclosed a payment in the amount of $10,796.42 based upon the following breakdown:

| | |
|---|---:|
| Appraisal Award Replacement Cost: | $76,871.20 |
| Less Non-Covered Items: | $61,964.97 |
| State Farm estimate of roof damages: | $871.79 |
| Less Depreciation: | $2,273.60 |
| Less Deductible: | $2,708.00 |
| Less Prior Payments: | $0.00 |
| Actual Cash Value Payment (enclosed): | $10,796.42 |
| | |
| Replacement Cost Benefits Remaining: | $2,273.60 |

Def.'s Summ. J. App. 122-124. State Farm also included a payment of $677.36, which represented "an interest payment." *Id.* State Farm filed the present motion for summary judgment on November 19, 2021.

State Farm contends that it is entitled to summary judgment on the breach of contract claim because Mr. Casey has not shown that "he is entitled to additional policy benefits beyond those paid by State Farm." Doc. 17 at 3. State Farm further contends that it is entitled to summary judgment on the Extra-Contractual Claims because it "provided more than enough evidence to establish a reasonable basis for its decision and subsequent payment of Plaintiff's claim." *Id.* at 8. Plaintiff counters that State Farm is not entitled to summary judgment because there is a genuine dispute of material fact regarding the amount of covered damages and non-covered damages. Stated another way, Mr. Casey argues that he is entitled to additional payment beyond that already paid by State Farm because State Farm's payment excluded amounts that he contends are attributable to the covered wind or hail event.

## II.     Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.

**Memorandum Opinion and Order – Page 3**

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions,

improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

#### A. Summary of the Parties' Contentions

Defendant contends that because it paid Mr. Casey for his covered losses under the Policy, he cannot meet the fourth element of his breach of contract claim that requires damages be sustained as a result of the breach. According to State Farm, Mr. Casey has no evidence that the damages sought by him resulted from the June 9, 2019 storm, which is covered, and not from wear, tear, and deterioration, which is not covered under the Policy. Doc. 17 ¶ 2. Specifically, State Farm argues that it is not liable for non-covered perils such as "1) Historical tile repairs; 2) Raised edge of the second-floor flat roof resulting in lack of proper water shedding and accelerated deterioration; 3) Historical mortar displacement at the ridge of the roof; and 4) Deterioration at

and around roof appurtenances." Doc. 14 ¶ 31. State Farm further contends that Mr. Casey is unable to "segregate the portion of Property damage that may be related to wind damage versus the portion of the damage that is not covered." *Id.* ¶ 29. Additionally, State Farm argues that absent a breach of contract, Mr. Casey cannot maintain his Extra-Contractual Claims without proof of an independent injury.

Next, State Farm contends that it "is entitled to summary judgment on Plaintiff's extra-contractual claims because the summary judgment record conclusively establishes that State Farm had a reasonable basis for its claim decision and that it complied with all obligations under the policy and the Texas Insurance Code." Doc. 14 ¶ 3. State Farm argues that "[a]s a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered." Doc. 17 ¶ 4 (internal quotation omitted) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)). State Farm further argues that because it has paid the amount of the covered loss, and because Mr. Casey has not alleged any facts that showing he is entitled to additional sums, Mr. Casey, as a matter of law, cannot maintain his breach of contract or any of his extra-contractual claims. *Id.*

Finally, State Farm argues that the court should strike Plaintiff's Exhibits A and A-2, which are Eric Saum's affidavit and report, respectively. In support, State Farm contends that Mr. Saum is not qualified to offer opinions on the causation of the damages alleged by Mr. Casey and that his opinions are unreliable because they contain contradictions and incorrect statements. *Id.* ¶¶ 12-13.

In response, Mr. Casey counters that all the damages outlined in the Appraisal Award were due to a hail or wind event and therefore are covered under the Policy. Doc. 16 at 5-7. In support, Mr. Casey relies on his non-retained expert Eric Saum's affidavit and report that "make it clear

that the damage to the roof (and the need for full roof replacement) was the result of hail which occurred during the policy period(s). . . . and [] unequivocally state that wear and tear did not contribute to or cause the observed damage." *Id.* at 10 (citing Pl.'s Summ. J. Ex. A, A-2). Mr. Casey further argues that the jury should be presented with the issue of determining the amount of damages by weighing the credibility of the parties' witnesses. *Id.* According to Plaintiff, his witness would present evidence that the entire amount of the Appraisal Award goes to covered losses compared to State Farm's witnesses who would present evidence that the amount paid represents the total payable for covered losses. *Id.* at 8-10. Moreover, Mr. Casey contends that even if some of the damage is from wear, tear, and deterioration, it is covered under the Policy. *Id.* at 8 (citing Def.'s Summ. J. App. 36-37).

Additionally, Mr. Casey contends that his extra-contractual claims are not precluded because "State Farm's own summary judgment evidence supports a finding of bad faith." *Id*. at 11. According to Plaintiff, "State Farm already recognized its own liability for damages [under the Texas Prompt Payment Act, Chapter 542 of the Texas Insurance Code] when it issued a "supplemental payment" to him in the amount of $10,796.42 eight months after the Appraisal Award was issued and nearly two years after the loss. *Id.* at 12. Mr. Casey argues that liability is further established by State Farm's issuance of an "'interest payment'" in the amount of $677.36 that was made pursuant to the "'Texas statute subchapter B of Chapter 542.'" *Id.* (quoting Def.'s Summ. J. App. 123). Plaintiff contends that "[t]his liability will extend to additional payments owed by State Farm in the event the jury finds in [his] favor." (citing *Hinojos v State Farm Lloyds*, 619 S. W. 3d 651, 658 (Tex. 2021)). Finally, Mr. Casey concedes that "[i]n the unlikely event this Court finds that State Farm is not liable as a matter of law for breach of the Policy, [he] concedes [that] he would not be entitled to extra-contractual damages." *Id.* at 11.

**Memorandum Opinion and Order – Page 7**

B. Discussion

   1. <u>Evidentiary Objections</u>

As an initial mater, State Farm objects to Plaintiff's Exhibits A and A-2 submitted in support of his response to State Farm's Motion for Summary Judgment. Specifically, State Farm objects to Exhibit A, the Affidavit of Eric Saum, and Exhibit A-2, Mr. Saum's report, to the extent those documents offer evidentiary support that: (1) "the home is a one-story structure"; (2) "the second-story flat roof is a modified butimen roof system"; and (3) "a total roof replacement is required due to hail related to the June 9, 2019 hail-storm." Doc. 17 ¶ 1. State Farm further argues that Mr. Saum's affidavit and report are unreliable because Mr. Casey has not shown that Mr. Saum "is qualified to offer opinions on the causation subject that lies at the core of State Farm's motion" and there is no evidence that he "performed a technical causation analysis of any kind." *Id.* The court disagrees.

An "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Personal knowledge" means that the declarant or affiant "must have had an opportunity to observe, and must have actually observed the fact." Fed. R. Evid. 602. A statement is not within a declarant's personal knowledge if the statement is based merely on information and belief. *See Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003).

Eric Saum's affidavit and report meet Rule 56(c)(4)'s requirements. Moreover, Mr. Saum's CV, included as Exhibit A-1, outlines how he is qualified and competent to testify on the matters stated based on his observations. Specifically, based on his experience and expertise in adjusting and evaluating residential property insurance claims, Mr. Saum opined that the June 9, 2019 loss

event caused damages amounting to $76,871.20 for the estimated replacement cost. Pl.'s Summ. J. Ex. A. Accordingly, the court determines that Plaintiff's Exhibits A and A-2 are competent summary judgment evidence that the court should consider in resolving the Motion for Summary Judgment.

    2. Breach of Contract Claim

Under Texas law, the elements for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). Whether State Farm is entitled to summary judgment on Mr. Casey's breach of contract claim turns on whether the fourth element is met.

State Farm argues that of the Appraisal Award's $76,871.20 estimated replacement cost, $61,964.97 was properly deducted because it was attributable to items not covered under the Policy such as wear, tear, and deterioration. Mr. Casey argues that the entire amount in the Appraisal Award is attributable to a hail or wind event—a covered event under the Policy. He further argues that even if all the damage did not result from a hail or wind event, "the Policy still clearly covers 'resulting loss from wear and tear.'" (citing Def.'s Summ. J. App. 36-37). The court agrees. State Farm's evidence does not establish that Mr. Casey cannot meet the fourth element of his breach of contract claim. The court, therefore, determines that Mr. Casey raises a genuine dispute of material fact regarding the damages sustained to his home.

First, David Hastings was selected as a "competent, disinterested umpire" under the Policy between Mr. Casey's chosen appraiser, Mr. Saum, and State Farm's chosen appraiser, Ryan Rudolph. Def.'s Summ. J. App. 24, 103. Mr. Saum's affidavit states, "The Umpire, David

Hastings, agreed with my assessment as to the cause of the loss and he and I both signed the Appraisal Award dated September 17, 2020 finding that the cause of the loss was the June 9, 2019 claim, a loss date that was assigned by State Farm." Pl.'s Summ. J. Ex. A ¶ 11. State Farm and its appraiser, Ryan Rudolph, dispute that the entire amount of the Appraisal Award is attributable to the covered event. Accordingly, there is a genuine dispute of material fact that the jury should decide, as it weighs and determines the credibility of all witnesses and determines the weight to be given to each witness's testimony. The court, therefore, need not address the issue of whether wear and tear is covered under the Policy.

3. Extra-Contractual Claims

   a. *Breach of Duty of Good Faith and Fair Dealing, Chapter 541 of the Texas Insurance Code, and DTPA*

Under Texas law, "[a]n insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995)); *see also Medical Care Am., Inc. v. National Union Fire Ins. Co*., 341 F.3d 415, 425 (5th Cir. 2003). "A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim." *Id*.; *see also Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55–56 (Tex. 1997) ("An insurer breaches its duty of good faith and fair dealing when "the insurer had no reasonable basis for denying or delaying payment of [a] claim, and [the insurer] knew or should have known that fact.") (internal quotation omitted).

Whether an insurer's liability has become reasonably clear is a question of fact. *See Giles*, 950 S.W.2d at 56 ("[W]e reject the suggestion that whether an insurer's liability has become reasonably clear presents a question of law for the court rather than a fact issue for the jury."). On

**Memorandum Opinion and Order – Page 10**

the other hand, "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998); *see also State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997) (evidence that shows a "bona fide coverage dispute does not, standing alone, demonstrate bad faith.")). Stated another way, "an insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).

Moreover, "extra-contractual tort claims pursuant to the Insurance Code [] require the same predicate for recovery as a bad faith claim under a good faith and fair dealing violation." *Natational Sec. Fire & Cas. Co. v. Hurst*, 2017 WL 2258243, at *6 (Tex. App.—Houston [14th Dist.] May 23, 2017) (quoting *Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2016 WL 482882, at *2 (E.D. Tex. Feb. 4, 2016)). "When an insured joins claims under the Texas Insurance Code [] with a bad faith claim, all asserting a wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either statutory claim." *Id*. (quoting *O'Quinn v. General Star Indem. Co.*, No. 1:13-CV471, 2014 WL 3974315, at *8 (E.D. Tex. Aug. 5, 2014)). The court, therefore, examines Plaintiff's extra-contractual claims for violation of Chapters 541 of the Texas Insurance Code, DTPA, and breach of the common law duty of good faith and fair dealing simultaneously.

Defendant argues that it is entitled to summary judgment on these claims because "[t]his case exemplifies the type of bona fide coverage dispute that cannot possibly establish the tort of bad faith." Doc. 14 ¶ 38. Mr. Casey counters that State Farm improperly delayed payment based upon its misrepresentation that the Policy does not cover wear and tear. He argues that "[a]t first glance, the Policy purports to exclude losses due to wear; however, the Policy goes on to state that

it ***does insure for any resulting loss from wear and tear*** unless the resulting loss is itself a Loss Not Insured by this Section." Doc. 16 at 11 (emphasis original). The court determines that Mr. Casey failed to provide evidence that State Farm did not "attempt in good faith to effectuate a prompt, fair, and equitable settlement" or that this is anything more than a bona fide coverage dispute. Tex. Ins. Code § 541.060(a)(2)(A).

First, the evidence reflects that State Farm's alleged statements are not clear misrepresentations of the Policy. State Farm alleges that a portion of the losses to the property were *directly and immediately* caused by wear or tear, which is not covered under the Policy rather than being a *resulting* loss from a covered event, which is covered under the Policy. Def.'s Summ. J. App. 122-124.

Second, State Farm has presented sufficient evidence showing that it promptly provided reasonable explanations to Mr. Casey of its coverage determinations. Additionally, Mr. Casey has failed to present evidence creating a genuine dispute of material fact that State Farm "failed to promptly provide to a policyholder a reasonable explanation of the basis of the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." *See* Tex. Ins. Code § 541.060(a)(3). Stated another way, this is a classic dispute over damages covered under an insurance policy, and the evidence before the court does not rise to the level of bad faith. Therefore, the court will grant summary judgment in favor of Defendant on Plaintiff's extra-contractual claims for violation of Chapters 541 of the Texas Insurance Code, DTPA, and breach of the common law duty of good faith and fair dealing.

    b. *Chapter 542 of the Texas Insurance Code*

The Texas Prompt Payment of Claims Act ("TPPCA"), codified under chapter 542, subchapter B, of the Texas Insurance Code, provides that an insurer, who is "liable for a claim

**Memorandum Opinion and Order – Page 12**

under an insurance policy" and who does not promptly respond to, or pay, the claim as the statute requires, is liable to the policy holder or beneficiary not only for the amount of the claim, but also for "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code § 542.060(a). The Texas Legislature advises courts that these provisions should be "liberally construed to promote the prompt payment of insurance claims." *Id.* § 542.054. "To recover a statutory penalty under [the TPPCA], an insured must establish: (1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to comply with one of the requirements of [the statute] with respect to the claim." *Evergreen Nat'l Indemnity Co. v. Tan It All, Inc.*, 111 S.W.3d 669, 678 (Tex. App.—Austin 2003, no pet.); *Salinas v. State Farm Lloyds*, 267 F. App'x 381, 388 (5th Cir. 2008).

The first two elements are undisputed between the parties; that is, Mr. Casey has a claim under the Policy, and State Farm acknowledges it is liable for *some* amount of the claim, as it has made payments under the Policy to Mr. Casey. The court, therefore, will consider whether State Farm has failed to comply with the requirements of §§ 542.055(a)(1); 542.055(a)(2)-(3); 542.056(a); 542.58(a); and 542.060 of the TPPCA as alleged by Mr. Casey.

Section 542.055 provides that within 15 days of receiving notice of a claim, an insurer must acknowledge receipt of the claim, begin an investigation, and request from the claimant "all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant." Tex. Ins. Code. § 542.055(a). The court determines that Ms. Casey failed to provide evidence creating a genuine dispute of material fact that State Farm violated § 542.055(a). The summary judgment evidence is clear: Mr. Casey informed State Farm of his claim on or about August 28, 2019. By September 11, 2019—less than fifteen days after receiving notice—State Farm had been in communication with Mr. Casey and inspected the property for damages. *See*

**Memorandum Opinion and Order – Page 13**

Def.'s Summ. J. App. 54-58. As no genuine dispute of material facts exists that State Farm complied with § 542.055(a), the court will grant summary judgment in favor of State Farm on Plaintiff's claim that it violated § 542.055(a) of the Texas Insurance Code.

Section 542.056(a) provides that "an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss." Tex. Ins. Code § 542.056(a). Here, too, the evidence establishes that State Farm complied with this section of the TPPCA. Specifically, on September 11, 2019, State Farm agent Mark G. Followwell inspected Mr. Casey's property and explained to him the results of his inspection, including "dollar totals and that the estimate is below the deductible and no payment will be issued." Def.'s Summ. J. App. 82. On September 13, 2019, State Farm sent Mr. Casey a letter detailing the information previously provided to him by Mr. Followwell. Def.'s Summ. J. App. 84-87. As no genuine dispute of material facts exists that State Farm complied with § 542.056(a), the court will grant summary judgment in favor of State Farm on Mr. Casey's claim that it violated § 542.056(a) of the Texas Insurance Code.

Section 542.058 provides that an insurer is liable to the insured and will pay damages "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days." Tex. Ins. Code § 542.058(a). If the insurer fails to pay the claim within 60 days, § 542.060 provides that the insurer shall pay to claimant, in addition to the amount of the claim, "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code § 542.060.

**Memorandum Opinion and Order – Page 14**

State Farm argues that it is entitled to summary judgment on Mr. Casey's claims that it violated §§ 542.058 and 542.060 of the Texas Insurance Code because "there is no evidence of liability for Plaintiff's Claim, for interest, beyond any interest not already paid, or attorney's fees to be recoverable under the statute." Doc. 14 ¶ 46. Mr. Casey counters that State Farm's supplemental payment in the amount of $677.36, which was issued on May 26, 2021, pursuant to "Texas statute subchapter B of Chapter 542," is proof that it violated the statute. *See* Def.'s Summ. J. App. 122-124. The court determines that because Mr. Casey's breach of contract claim will survive State Farm's Motion for Summary Judgment, so must his claims alleging that State Farm violated §§ 542.058, 542.060. This is so because there is a genuine dispute of material fact regarding the amount of the claim—the amount that must be paid by State Farm—as it has yet to be determined. *See Patton v. Meridian Sec. Ins. Co.*, No. 3:21-CV-1409-G, 2022 WL 2992878, at *18 (N.D. Tex. July 28, 2022) (denying insurer's motion for summary judgment on plaintiff's claim that it violated §§ 542.058 and 542.060 of the Texas Insurance Code because "[i]t is possible that the jury will find that [insurer] breached the insurance contract by failing to pay more than what it has already paid."); *Harris v. American Prot. Ins. Co.*, 158 S.W.3d 614, 623 (Tex. App.—Fort Worth 2005, no pet.) ("An insurer will not be held liable for violating [TPPCA] unless it is found liable for the underlying insurance claim."). Accordingly, the court will deny summary judgment on Mr. Casey's claims that State Farm violated §§ 542.058 and 542.060 of the Texas Insurance Code.

### IV. Conclusion

For the reasons explained, the court **grants** State Farm's Motion for Summary Judgment (Doc. 13) with respect to Mr. Casey's claims for (1) breach of good faith and fair dealing; (2) violating the Texas Deceptive Trade Practices Act; (3) violating § 541 of the Texas Insurance

Code; and (4) violating §§ 542.055(a)(1), 542.055(a)(2)-(3), and 542.056(a) of the Texas Insurance Code. The court, therefore, **dismisses with prejudice** these claims. Further, the court **denies** State Farm's Motion for Summary Judgment (Doc. 13) with respect to Mr. Casey's claims for (1) breach of contract; and (2) violating §§ 542.058(a) and 542.060 of the Texas Insurance Code. Accordingly, as a result of the court's ruling, only Plaintiff's claims for breach of contract and violating §§ 542.058(a) and 542.060 of the Texas Insurance Code remain. The court, pursuant to its order dated February 16, 2022, will enter an amended scheduling order resetting the trial of this action and other pretrial deadlines.

Given the court's ruling, it strongly encourages the parties to consider an expeditious resolution of the pending claims. The court notes that this is not an "open-and-shut case" for either side. As the court has made its definitive rulings, the parties are in a superior position to assess their relative strengths and weaknesses regarding the remaining claims. The court **directs** the parties to inform it in writing no later than **September 9, 2022**, whether they can resolve this action without further court involvement.

**It is so ordered** this 26th day of August, 2022.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 16**